INEZ GUTHRIE, by her next friend and guardian, SERENA McGOWAN, Appellant, v. F. S. GUTHRIE and FIN NOLAND, Appellees.

Replevin: DAMAGES: PREJUDICE. Where the court in entering judgment limited the verdict for defendant in replevin to the value of the property with interest from the date plaintiff took possession thereof, the fact that the court authorized a recovery of damages for the detention of the. property, rather than legal interest upon its value from the date it was taken was not prejudicial, if erroneous.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

ACTION in replevin to recover the possession of certain personal property. Upon issues involving the ownership of

the property, the case went to a jury, resulting in a verdict and judgment for defendants, and plaintiff appeals.—*Affirmed.*

*H. W. Laton,* for appellant.

*W. H. Winegar* and *H. S. Dugan,* for appellees.

DEEMER, J.—The property involved is a Shetland pony, a pony buggy and harness, and the real issues were as to the ownership thereof.

Plaintiff alleged that the property was worth the sum of $150, and that she had been damaged by the detention thereof in the sum of $25. A writ of replevin was issued, and the property was delivered to plaintiff, pursuant thereto. Defendants raised no real issue as to the value of the property, but claimed damages by reason of being deprived of the use thereof by the writ of replevin in the sum of $40, and also claimed damages for their expenses, attorney's fees in defending against the action, in the sum of $50.

The trial court in its instructions told the jury in effect that, if it found for defendants, it might allow damages for being deprived of the use of the property, and also for attorney's fees in defending the suit. It also instructed the jury to find the value of the property at the time it was taken under the writ. The main issue as to ownership was also fully submitted, and no complaint is made with reference thereto.' After hearing the testimony, the jury returned the following verdict:

We, the jury, find for the defendant F. S. Guthrie, and we find at the time of the bringing of this suit said Guthrie was the owner of the said property, and entitled to the possession thereof, and that at the time of the bringing of this suit said pony was of the reasonable value of $160.00, that said buggy was of the reasonable value of $12.50, and said harness was of the reasonable value of $9.00, and we further find that

said defendant is entitled to recover damages for the loss of the use of said property in the sum of $10.00, and to recover costs of attorney's fees in the sum of $50.00.

Thereafter, and within proper time, plaintiff filed a motion for a new trial, in which, among other things, it was contended that defendants were not entitled to recover attorney's fees, and also that they were not entitled to any damages by reason of the detention of the property; that all they were entitled to in this connection was the value of the property at the time it was taken, with legal interest thereon to the date of the verdict, or the time of judgment. This motion was submitted to the court, and the following order was made thereon:

The court finds that one ground of the motion is that the court erred in instructing the jury with reference to the damages that might be allowed in a case of this kind with reference to attorney's fees, and, while the testimony in the case with reference to attorneys and the amount thereof went in without objection on the part of the attorneys for plaintiff, I am of the opinion that attorney's fees are not a proper element of damages in the case, and on account of said error the motion for a new trial should be granted, and on said ground; but otherwise said motion for a new trial should be and is hereby overruled, to which ruling the plaintiff at the time duly excepts. Said order for a new trial will be overruled, however, if the defendant at once elects to remit from the amount of the verdict the sum of $50, which was allowed by the jury as attorney's fees. And it further appearing to the court that said defendant, by his attorney, elects to remit from the amount of the verdict said attorney's fees in the sum of $50, and in view of said election on the part of the defendant, said motion for a new trial is hereby overruled, to which ruling plaintiff at the time duly excepts. It further appearing to the court that the defendant elects to take a money judgment for the value of the property as returned by the jury, instead of an order for the return of said property, it is therefore hereby ordered that the defendant have and recover from plaintiff, and also from the surety on the replevin bond filed in this case, the sum of $191.50, together with costs of this action,

fixed in the sum of $———, to which the plaintiff at the time duly excepts.

That attorney's fees were improperly included in the verdict is now conceded by all parties; but, as the court corrected this in its order and judgment, plaintiff has no just ground for complaint.

II. There is some little confusion in our cases as to whether a defendant in replevin is entitled to damages for the detention of the property where he takes a money judgment for the value of the property; in other words, whether he is entitled to anything more than the value of the property at the time it was taken from him, with legal interest from the time of its taking. We do not find it necessary to decide the point at this time. The verdict fixed the value of the property at $181.50 at the time it was taken, which, according to the record, was October 11, 1911, and the judgment was rendered September 24, 1912. Six per cent. interest on $181.50 is more than $10, and more than the damages allowed by the jury, so that in no event was plaintiff in any manner prejudiced by the judgment rendered, no matter which is the correct rule, for the admeasurement of defendant's recovery.

Some complaints are made of the court's method in making the final order; but, as no prejudice resulted, and no real complaint is made of the findings awarding the property to the defendants, there is no need for considering the matter further.

The errors complained of were corrected, or were wholly without prejudice. The judgment should be and it is therefore—*Affirmed.*

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.